**Indira KRUJA, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE & Attorney General Gonzales,\* Respondents.**

**Docket No. 03–41066.**

United States Court of Appeals, Second Circuit.

Aug. 15, 2005.

Bruno Joseph Bembi, Hempstead, N.Y. (on submission), for Petitioner.

Kenneth L. Wainstein, United States Attorney for the District of Columbia, Madelyn E. Johnson and Beverly M. Russell, Assistant United States Attorneys, Washington, D.C. (on submission), for Respondents.

PRESENT: POOLER, SOTOMAYOR, Circuit Judges, and KORMAN, District Judge.\*\*

**SUMMARY ORDER**

Petitioner Indira Kruja petitions for review from an order of the BIA dated November 14, 2003, denying her claims for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We assume the parties' familiarity with the facts and procedural history.

Because the BIA summarily affirmed the IJ as allowed by 8 C.F.R. § 1003.1(e)(4)(i), we review the IJ's decision directly. *See Secaida–Rosales v.*

---

\* The Clerk of this Court is directed to alter the caption to reflect the recent replacement of former respondent John Ashcroft as United States Attorney General.

\*\* The Honorable Edward R. Korman, Chief Judge of United States District Court for the Eastern District of New York, sitting by designation.

*INS,* 331 F.3d 297, 305 (2d Cir.2003). Our review is for substantial evidence, and we may reverse "only if no reasonable fact-finder" would have reached the same result. *Ramsameachire v. Ashcroft,* 357 F.3d 169, 177 (2d Cir.2004). To establish eligibility for asylum, Kruja was required to demonstrate either a well-founded fear of future persecution in Albania or past persecution giving rise to a rebuttable presumption of such a well-founded fear. *See Qiu v. Ashcroft,* 329 F.3d 140, 148 (2d Cir.2003). Lack of eligibility for asylum would automatically mean that Kruja was not entitled to withholding. *See id.* To establish eligibility for relief under the Convention Against Torture, Kruja was required to demonstrate that it is more likely than not that she will be tortured on her return to Albania. *See* 8 C.F.R. § 208.16(c).

We have reviewed the record and find that the BIA's affirmance of the IJ's adverse credibility determination is supported by substantial evidence. The inconsistencies and implausibilities in the petitioner's testimony relied on by the IJ bore a "legitimate nexus," *Secaida–Rosales,* 331 F.3d at 307, to Kruja's claim because they concerned (1) her story of past persecution, (2) her explanation of how she became aware that someone was inclined to persecute her, and (3) her past political activities which she relied on as one motivation for the persecution. The background materials were not such as to require a finding that simply on the basis of her status as a young woman, any subjective fear of persecution held by Kruja was reasonable. *Cf. Al–Harbi v. INS,* 242 F.3d 882, 891–93 (9th Cir.2001) (holding objectively well-founded fear established, notwithstanding adverse credibility finding, by documentary evidence of very high likelihood of execution if returned to Iraq).

Similarly, Kruja did not present particularized evidence that she is likely to be tortured in Albania, and the background materials alone do not compel a conclusion that torture is more likely than not. *Cf. Ramsameachire,* 357 F.3d at 184–85 (holding it improper to deny CAT relief based on adverse credibility finding where objective documentary evidence establishes likelihood of torture).

For the foregoing reasons, the petition for review is DENIED.